**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE ESTATE OF DARIUS PINEX AND HIS ) CHILDREN TIARA MILLER, DALYLA MILLER ) AND DARRIONNA PINEX, ) | **Case No. 11 C 07487** |
| ) | |
| Plaintiff(s), ) | JUDGE GUZMAN |
| ) | |
| vs. ) | Magistrate Judge Cox |
| ) | |
| CHICAGO POLICE OFFICER GILDARO ) SIERRA, Individually and as Agent/Employee of ) the City of Chicago, OFFICER RAOUL O. ) MOSQUEDA, Individually and as an ) Agent/Employee of the City of Chicago, ) UNKNOWN OFFICERS, Individually and as ) Agents/Employees of the City of Chicago, The ) CHICAGO POLICE DEPARTMENT, and the ) CITY OF CHICAGO, a Municipal Corporation, ) | **JURY DEMAND** |
| ) | |
| Defendant(s). ) | |

**DEFENDANTS' JOINT MOTION TO DISMISS OR IN THE ALTERNATIVE FOR PLAINTIFF TO NAME OR JOIN THE REAL PARTY OF INTEREST**

Now comes Defendant, Raoul Mosqueda, by and through his attorney, Thomas Aumann, and Defendant, Officer Gildardo Sierra, by and through his attorney, Michael J. A. Pasquinelli, and jointly move this Honorable Court to dismiss this cause for lack of jurisdiction and failure to state a claim under Rules 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively order Plaintiff to name or join the real party of interest within 60 days.

1.      This matter involves the fatal shooting of Darius Pinex that occurred on January 7, 2011. At issue is whether the conduct of Darius Pinex placed the officers in reasonable fear of death or great bodily harm.

1

2.     On October 21, 2011, Plaintiff filed this action entitled "The Estate of Darius Pinex and His Children Tiara Miller, Dalyla Miller, and Darrionna Pinex."  (Docket No. 1).

3.     Plaintiff was granted leave to file an amended complaint and filed said complaint on March 14, 2012.  (Docket No.23).  Plaintiff's First Amended Complaint purports to be brought by "The Estate of Darius Pinex and His Children Tiara Miller, Dalyla Miller, and Darrionna Pinex."

4.     By order of this Honorable Court, Defendants Raoul Mosqueda and Gildardo Sierra were granted an extension of time to and including April 23, 2012 to respond to Plaintiff's First Amended Complaint.  (Docket No. 29).

5.     Plaintiff seeks relief under Section 1983, and the Illinois wrongful death and survival acts.

6.     Illinois law only recognizes the jurisdictional authority and standing of the proper representative of a decedent's estate to bring suit under the Illinois Wrongful Death Act. *Cushing v. Greyhound Lines, Inc.*, No., 1-10-0768, 2012 WL 470171 at * 14-15 (Ill. App. 1 Dist., Feb. 10, 2012)(attached hereto as Exhibit A).

7.     A review of the Probate Docket for the Circuit Court of Cook County does not indicate the filing of a petition to open decedent's estate.

8.     Section 2.1 of the Wrongful Death Act authorizes a person entitled to recover under the Act to request the appointment of a special administrator to pursue a wrongful death claim, only when a probate estate has not been opened.  740 ILCS 180/2.1; *Cushing*, 2012 WL 470171 at * 17.

9.     Paragraph 7 of Plaintiff's First Amended Complaint alleges that "Gloria Pinex is

2

Darius Pinex' [sic] mother and <u>has</u> <u>requested</u> to be appointed Special Administrator of his

Estate."(emphasis added)(Docket No. 23 at ¶ 7).

10.     Plaintiff's First Amended Complaint fails to demonstrate that Gloria Pinex has

been duly appointed as special administrator of Pinex's Estate.  Rather the complaint indicates

that Plaintiff has only made a request seeking appointment.

11.     Accordingly, Plaintiff lacks the legal capacity to prosecute these claims and

Plaintiff's suit must be dismissed with prejudice.

12.     Moreover, Gloria Pinex, the decedent's mother, lacks the authority to even file a

motion to appoint a special administrator, for Section 2.1 of the Act only permits a person "who

would be entitled to a recovery under this Act[,]" to file a motion seeking the appointment of a

special administrator.  740 ILCS 180/2.1; *See Gaston v. Hypolite*, (No. 10-CV-03244), 2010 WL

4179368 at *2 (N.D. Ill. Oct. 18, 2010)(holding that a party not entitled to recover under the

Illinois Wrongful Death Act lacks the authority to file a motion to appoint a special administrator

and therefore lacks capacity to bring suit)(attached hereto as Exhibit B); *see also Cushing*, 2012

WL 470171 at * 18.

13.     Lastly, Defendants jointly submit that a party's standing and authority to

prosecute claims under both Section 1983 and the Illinois Wrongful Death Act invokes this

Honorable Court's jurisdictional authority to hear this cause under Article III § 2 of the United

States Constitution.  *Burris, as Special Administrator of the Estate of Burris v. Cullinan*, (No.

09-3116), 2009 WL 3575420 at *4-5 (C.D.Ill. Oct. 23, 2009)(attached hereto as Exhibit C).

14.     Therefore, since standing in both Section 1983 and wrongful death claims is

jurisdictional, Defendants submit that the filing of Plaintiff's original complaint was a nullity.

Accordingly, Defendants jointly move to dismiss this cause with prejudice, for lack of jurisdiction.

15.     Alternatively, Defendants object to defending this cause against an improper party, and request that this Honorable Court order Plaintiff to name or join the proper party of interest within 60 days, or otherwise dismiss this cause against all Defendants with prejudice.

WHEREFORE, for the foregoing reasons, Defendants respectfully move that this Honorable Court dismiss this suit, or, alternatively order Plaintiff to name or join the proper party within 60 days, or otherwise dismiss this cause with prejudice.

Respectfully submitted,

30 N. LaSalle Street                          /s Thomas Aumann
Suite 900                                     No. 6282455
Chicago, Illinois 60602                       Assistant Corporation Counsel,
(312) 744-7630                                Attorney for Defendant, Officer Raoul O.
(312)744-6566 (FAX)                           Mosqueda

30 N. LaSalle Street                          /s Michael Pasquinelli
Suite 900                                     No. 6282045
Chicago, Illinois 60602                       Assistant Corporation Counsel,
(312) 744-3283                                Attorney for Defendant, Officer Gildardo Sierra
(312) 744-6566 (FAX)

4